FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2013 MAY 23 P
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

PEDRO RUBEN PEREZ-FRIAS,

Petitioner,

v.

CIVIL ACTION NO.: CV513-021

T. JOHNS, WARDEN and DHS-ICE,
Savannah Field Office,

Respondents.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Presently before the Court is Pedro Ruben Perez-Frias' ("Perez-Frias") Motion for Declaratory Judgment under 28 U.S.C. § 2201. Respondents filed a Response, and Perez-Frias filed a Reply. Perez-Frias also filed a Motion for Emergency Injunctive Relief, to which Respondents filed a Response. Perez-Frias' Motion for Emergency Injunctive Relief should be **DISMISSED** as moot, as he has been released from the Bureau of Prisons' custody. BankWest, Inc. v. Baker, 446 F.3d 1358, 1363-64 (11th Cir. 2006) (matter is moot when the issues are no longer "live" and can become moot due to a change in factual circumstances).

Perez-Frias, who was formerly incarcerated at D. Ray James Prison in Folkston, Georgia, was convicted in the Southern District of New York of illegal reentry of a deported alien having been previously convicted of an aggravated felony, in violation of 8 U.S.C. § 1326. (Doc. No. 8-1, p. 2). Perez-Frias was sentenced to 42 months' imprisonment and three (3) years' supervised release. Perez-Frias was released, via

good conduct time, on April 25, 2013. (Doc. No. 16-1). Perez-Frias asserts in his Motion for Declaratory Judgment that he "seeks a judgment declaring that the district court did not orally pronounce as a special condition of supervised release that 'upon completion of his term of imprisonment, the defendant is to be surrendered to a duly-authorized immigration official for deportation.'" (Doc. No. 1, p. 2). Perez-Frias also asserts that the district judge did not orally impose, as a condition of his supervised release, that he be turned over to an immigration official for detention, nor does the written judgment impose this condition. Perez-Frias avers that he is not asking that the detainer Immigration and Customs Enforcement placed on him be removed, only for a declaration regarding whether the district court ordered at sentencing that he be deported. (Id. at p. 5).

"In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 U.S.C. § 2201(a). The Declaratory Judgment Act "does not, of itself, confer jurisdiction upon the federal courts; a suit brought under the Act must state some independent source of jurisdiction[.]" Mata v. Sec'y of Dep't of Homeland Sec., 426 F. App'x 698, 699 (11th Cir. 2011) (quoting Borden v. Katzman, 881 F.2d 1035, 1037 (11th Cir. 1989)). A party who is seeking to invoke the court's jurisdiction "must show: '(1) that [he] personally [has] suffered some actual or threatened injury as a result of the alleged conduct of the defendant; (2) that the injury fairly can be traced to the challenged action; and (3) that it

2

is likely to be redressed by a favorable decision.'" Am. Ins. Co. v. Evercare Co., 430 F. App'x 795, 798 (11th Cir. 2011) (quoting GTE Directories Publ'g Corp. v. Trimen Am., Inc., 67 F.3d 1563, 1567 (11th Cir. 1995)). "[T]he question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Id. (internal citation and punctuation omitted). "Although a case may have involved an actual controversy initially, the case becomes moot 'when it no longer presents a live controversy with respect to which the court can give meaningful relief.'" Hartford Cas. Ins. Co. v. Intrastate Constr. Corp., 501 F. App'x 929, 937 (11th Cir. 2012) (quoting Zinni v. ER Solutions, Inc., 692 F.3d 1162, 1166 (11th Cir. 2012)).

Perez-Frias seeks to invoke this Court's jurisdiction based on 42 U.S.C. § 2000cc-1(a) and 28 U.S.C. § 1331. (Doc. No. 1, p. 2). Section 2000cc-1(a) of Title 42 is part of the Religious Land Use and Institutionalized Persons Act and has no bearing on this matter. Section 1331 of Title 28, or the federal question statute, provides that district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Perez-Frias fails to show that his requested declaration presents a federal question to invoke this Court's jurisdiction. Even if Perez-Frias did show that this Court has jurisdiction over his request, he has failed to show that there is an actual controversy within the meaning of the Declaratory Judgment Act. An "actual controversy" is a "substantial continuing controversy between parties having adverse legal interests." Hartford, 501 F. App'x at 937. Perez-Arias had no controversy with T. Johns, the Warden at D. Ray James Prison, as Perez-Arias has

AO 72A
(Rev. 8/82)

been released from the Bureau of Prisons' custody. To the extent Perez-Frias may have an actual controversy involving the Savannah Field Office of the Department of Homeland Security, Immigration and Customs Enforcement, it does not appear that this Court is the proper authority to rule on that matter. See 8 U.S.C. § 1252(a)(5) (an order of removal may be reviewed by a court of appeals after the filing of a petition for review). Should Perez-Arias wish to have clarification of what occurred during his sentencing proceedings, it appears to be more appropriate to have him file such a request with the sentencing court.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Perez-Frias' Motion for Declaratory Judgment be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 23rd day of May, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)